IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY DALE EATON,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**FAYETTE COUNTY JAIL,** *et al.,*<br><br>    **Defendants.** | Case No. 22-cv-03085-SPM |

## ORDER DISMISSING CASE

**MCGLYNN, District Judge:**

  Plaintiff Timothy Dale Eaton filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred while he was being detained at the Fayette County Jail. Upon initiating this suit, Plaintiff was instructed that if his address changed, he must notify the Court within seven days of the change. (Doc. 4). He was advised that failure to do so would result in dismissal of this case. On January 26, 2023, the Court received back mail sent to Plaintiff marked as undeliverable. (Doc. 7). The Clerk of Court received notice from Fayette County Jail that Plaintiff had been transferred to Marion County Jail. The Court entered a notice of impending dismissal notifying Plaintiff that he had 14 days to provide the Court with a current address or this case would be dismissed for want of prosecution. (Doc. 8). The notice of impending dismissal was sent to Plaintiff's address of record at Fayette County Jail and to the Marion County Jail. The order that was sent to the Fayette County Jail was again returned as undeliverable. (Doc. 9).

  Plaintiff has not filed anything with the Court by the deadline prescribed or participated in this action since filing his form indicating consent or declination to proceed before a magistrate judge on January 9, 2023. (Doc. 6). The Court will not allow this matter to linger indefinitely.

Accordingly, this action is **DISMISSED** without prejudice for failure to comply with orders of the Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal does not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   August 2, 2023**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**